Charles E. McLeod and Margaret H. McLeod v. Commissioner.
McLeod v. Commissioner
Docket No. 3131-67.
United States Tax Court
T.C. Memo 1969-68; 1969 Tax Ct. Memo LEXIS 228; 28 T.C.M. (CCH) 384; T.C.M. (RIA) 69068; April 10, 1969. Filed *228 Millard D. Lesch, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined by the Commissioner in the income tax of petitioners for the taxable year 1963 in the amount of $524.11. Due to a concession on brief on the part of respondent, the only remaining issue is whether respondent has erred in allocating a portion of the purchase price of an accounting business, its furnishings, and equipment to goodwill and allowing depreciation only upon the fair market value of the tangible assets. Such facts as have been stipulated are found as fact. Petitioners Charles E. and Margaret H. McLeod are husband and wife who resided at Seattle, Washington, at the time the petition was filed and who filed a joint Federal income tax return for the calendar year 1963 with the district director of internal revenue, Tacoma, Washington. Petitioner Charles is a certified public accountant. On September 20, 1963, petitioners entered into a contract of sale for the purchase of the accounting practice of Robert B. Stookey. The contract of sale, dated September 20, 1963, between Robert B. Stookey and Jeanne Stookey and Charles *229 E. McLeod and Margaret McLeod, contains the following provision: 3. That the Buyer shall pay the Seller $12,000.00 for the accounting practice and $28,000.00 for the non-competing agreement of a total of $40,000.00 * * * With respect to the $12,000 purchase price paid for the accounting practice, the contract of sale, dated September 20, 1963, contains the following provision: 1. That the purchase price for the accounting practice of ROBERT B. STOOKEY in Okanogan County, State of Washington, together with certain equipment, furniture and supplies which are set forth with particularity on Schedule "A" hereto attached and incorporated herein as though set forth in text, shall be $12,000.00 payable as hereinafter provided. That the Seller promises and agrees to sell to the Buyer all right, title and interest in said accounting practice, conducted in Okanogan County, which Seller represents had a gross income during the year 1962 in excess of $50,000.00, together with the phone number 422-3270, Post Office Box number 808, supplies, choses in action, Centennial Insurance Company fire policy No. 2Md-1805, licenses and rights analogous thereto, inventories, goods, material and supplies *230 and all personal property of every kind and nature located on the physical premises of Seller's accounting practice, except accounts receivable and cash. With respect to the $28,000 paid for the non-competing agreement, the contract of sale, dated September 20, 1963, contains the following provision: 2. That Seller promises and agrees, for a period of six years from the date of this agreement, not to engage in the practice of accounting, or a similar business which is competitive with the purchased business, directly or indirectly, either as an individual on his own account, or as a partner or joint venture, or as an employee, agent or salesman for any person, or as an officer, director or shareholder of a corporation or otherwise within Okanogan County or adjacent counties, and Buyer agrees to pay Seller for not so competing the sum of $28,000.00 * * * For the purpose of negotiating the sale of his accounting practice, the seller, Robert B. Stookey, inventoried his office equipment 385 and furniture and placed a fair market value upon the equipment and furniture of $4,300. The inventory which Robert Stookey prepared is identical to the equipment and furniture listed *231 on Schedule "A" of the contract of sale. The contract of sale contained a separate and specifically bargained-for non-competing agreement covering a period of 6 years at a cost of $28,000. With respect to the tangible assets purchased by petitioners, the seller's cost and estimated fair market value at the time of the sale, as compared to the fair market value estimated by petitioners at that time, are as follows: Seller's cost
Seller's estimated FMV at time of purchase
Petitioners' estimated FMV at time of purchase
5 calculators
$2,350
$1,350
$3,250
1 adder
350
150
350
Bookkeeping machine
675
500
3,500
Duplicators
Thermofax
300
300
350
Bruing
300
250
450
Cormac
350
50
200
6 desks
275
295
720
4 typewriters
290
290
600
5 file cabinets
240
240
400
Shelves
100
150
1 air conditioner
145
145
250
In the explanation attached to his notice of deficiency, respondent has allocated $4,300 of the $12,000 purchase price of the business to the fair market value of the tangible assets purchased. The office equipment and furniture transferred in the sale of the accounting practice from Robert B. Stookey to Charles E. *232 McLeod had a fair market value not greater than $4,300. Opinion Petitioners have not favored us with the briefs ordered at the close of the trial hereof. Although admitted to the Court for the purposes of this case only upon condition that he forthwith file an application for admission to the bar of this Court, petitioners' counsel has failed to file such application. [1]
Respondent's determination of the fair market value of the tangible assets purchased by petitioners in the overall purchase of the accounting business referred to in our findings is presumed to be correct and no findings of a greater fair market value may be made by us unless petitioners provide a preponderance of proof that the fair market value is greater than that so determined. The issue is solely one of fact. Except for estimates of value made by Charles during negotiations preceding the sale transaction, this record is bare of any indication of a fair market value for the tangible assets purchased by petitioners, other than those testified to by the seller. Petitioners' estimates are so inflated when compared, in most *233 instances, to the cost thereof to the seller as to be of little, if any, value to us as evidence. We note in that respect too, that even in the event they were accepted as the correct fair market value of those assets, they total only $10,890 as distinguished from the $12,000 fair market value used by petitioners in their return. Petitioner Charles' testimony as to his investigation in determining the fair market value of such assets lessens even more the weight to be given such meager evidence as does exist in that regard for he has obviously used the cost to purchase such assets new as the fair market value upon the basis of which he seeks to deduct the depreciation thereof. No expert testimony has been offered herein nor is there in the record any indication of the age or condition of the purchased assets. For nearly a complete absence of any evidence upon which we could sustain a finding of a greater fair market value for such tangible assets than that determined by respondent, we have found as a fact that such fair market value does not exceed $4,300. Because of the issue conceded by respondent, Decision will be entered under Rule 50. 386 Footnotes
1. He is not, for that reason, herein designated as attorney for petitioners.↩